IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN NEAL GALLO,

    Plaintiff,

v.

NANCY A. BERRYHILL,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

    Defendant.

Case No. 18-2029-DDC

**MEMORANDUM AND ORDER**

On January 19, 2018, plaintiff John Neal Gallo filed his Complaint in this action against Nancy A. Berryhill, Commissioner of the Social Security Administration. Doc. 1. That same day, plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. Doc. 3.

"[A]ny court of the United States may authorize the commencement . . . of any suit [or] action . . . without prepayment of fees or security therefor, by a person who submits an affidavit that . . . the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "To succeed on a motion to proceed *in forma pauperis*, the movant must show a financial inability to pay the required filing fees." *Roudybush v. Kansas*, No. 17-2303-CM, 2017 WL 3232957, at *1 (D. Kan. July 31, 2017) (first citing *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); then citing *United States v. Garcia*, 164 F. App'x 785, 786 n.1 (10th Cir. Jan. 26, 2006)). "One need not be 'absolutely destitute' to proceed [*in forma pauperis*], but [*in forma pauperis*] need not be granted where one can pay or give security for the costs and still be able to provide [him]self and dependents with the necessities of life." *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 785 (10th Cir. 2010) (internal quotation and citation omitted). "[P]roceeding *in*

*forma pauperis* in a civil case is a privilege, not a right—fundamental or otherwise." *Green v. John Suthers*, 208 F.3d 226, 2000 WL 309268, at *2 (10th Cir. Mar. 27, 2000) (citation omitted). "The decision to grant or deny *in forma pauperis* status under § 1915 lies within the 'wide discretion' of the trial court." *Roudybush*, 2017 WL 3232957, at *1 (first citing *Garcia*, 164 F. App'x at 786 n.1; then citing *Lister*, 408 F.3d at 1312).

Plaintiff's Affidavit of Financial Status (Doc. 3-1) fails to show that plaintiff is financially unable to pay the required filing fees. Although plaintiff currently is unemployed, he receives a monthly disability payment. With this disability payment and his wife's income, their combined monthly net income exceeds their monthly expenses[1] by more than $1500. For this reason, the court finds that plaintiff has sufficient financial resources to pay the filing fee. The court thus denies plaintiff's Motion for Leave to Proceed *in forma pauperis*.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 3) is denied. Plaintiff must prepay the full filing fee of $400 within 30 days of this order for this action to proceed. If plaintiff fails to pay the filing fee by that time, the court will dismiss this action without prejudice.

**IT IS SO ORDERED.**

**Dated this 29th day of January, 2018, at Topeka, Kansas.**

>     **s/ Daniel D. Crabtree**
>     **Daniel D. Crabtree**
>     **United States District Judge**

---

[1] This amount includes plaintiff's monthly child support payment. Plaintiff also includes a past due amount for his child support. Based on the information plaintiff provides, the court is unable to discern if this past due amount equates to a monthly expense—not already accounted for—for plaintiff.