# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOHN NEAL GALLO,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 18-2029-JWL** |
| ) | |
| **NANCY A. BERRYHIL,** ) | |
| **Acting Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

## MEMORANDUM AND ORDER

Plaintiff filed this action pro se[1] on January 19, 2018 seeking judicial review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying disability insurance benefits (DIB) under sections 216(i), and 223 of the Social Security Act.   42 U.S.C. §§ 416(i) and 423 (hereinafter the Act).   (Doc. 1).   On January 29, 2018, the court denied Plaintiff's motion to proceed in forma pauperis because his Affidavit of Financial Status failed to show that he is unable to pay the required filing fee.   (Doc. 4).   The court ordered him to pay the filing fee within 30 days and informed him that if he failed to pay the filing fee this action would be

---

[1] Because he appears pro se, the court construes Plaintiff's pleadings and briefs liberally. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Travis v. Park City Mun. Corp., 565 F.3d 1252, 1254 (10th Cir. 2009).   But, the court will not assume the role of advocate for him. Garrett v. Selby Conner Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

dismissed without prejudice. (Doc. 4, p.2).    Plaintiff received the court's order on February 1, 2018. (Doc. 5).

On March 12, 2018, when more than thirty days had passed and Plaintiff had not paid the filing fee, the court issued an "Order to Show Cause" no later than April 11, 2018 "why this case should not be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 41.1 of the Local Rules because of Plaintiff's failure to follow the court's order or to prosecute this case."    (Doc. 7).

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."    Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002).    Because dismissal is a severe sanction, it should be imposed only if a "lesser sanction would not serve the ends of justice."    Id. (quotation omitted).    In evaluating whether dismissal is an appropriate sanction, the district court should consider the following factors:    (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) whether a lesser sanction would be effective.    Gripe v. City of Enid, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing the factors set forth in Ehrenhaus v. Reynolds, 965 F.2d 916 (10th Cir. 1992)).    "It is within a court's discretion to dismiss a case with prejudice if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice."    Ehrenhaus, 965 F.2d at 916.

Turning to the first factor, the Commissioner has apparently not been served and has suffered no prejudice by Plaintiff's failure to pay the filing fee or to actively prosecute this case. The second factor however supports dismissal of this action. The manner in which Plaintiff has prosecuted this case (or, more accurately, not prosecuted this case) has risen to the level of interfering with the judicial process. The court has invested time and effort into shepherding this case through the briefing process laid out in Local Rule 83.7.1, without success. Since filing his complaint and a motion to proceed in forma pauperis, Plaintiff has taken no further action. He has responded in no way to either the court's order to pay the filing fee or its order to show cause.

This leads to consideration of the third factor which focuses on the plaintiff's culpability. The third factor weighs heavily in favor of dismissal. As noted above, Plaintiff has done nothing since filing this case. The fourth factor is also satisfied. The court's "Order to Show Cause" specifically warned Plaintiff that his failure to respond could result in dismissal of his case. (Doc. 7).

Finally, the court considers the efficacy of lesser sanctions. Here, the court has given Plaintiff the opportunity to explain his failure to pay the fee--to no avail. Nothing is happening, and the court may not leave a case with no activity on its docket indefinitely. Moreover, the court can think of no appropriate lesser sanction in a Social Security case which would secure prosecution of this case. After carefully reviewing the record before the court and the history of this case, the court concludes that no remedy short of dismissal would be effective.

After consideration of the five <u>Ehrenhaus</u> factors in light of the circumstances of this case, the court concludes that the factors weigh in favor of dismissal of this action. This case is interfering with the judicial process because it continues to linger on the court's docket without any progress toward resolution.   Plaintiff's culpability for this predicament is high, as he has been made aware of his obligation and has been asked to explain himself to no avail.   The court forewarned plaintiff that his failure to respond could result in dismissal and yet he still has not done so.   At this point in time, the court believes that dismissal is the only remedy that would be effective.

**IT IS THEREFORE ORDERED** that this case is dismissed without prejudice in accordance with this court's order (Doc. 4) and Rule 41(b) of the Federal Rules of Civil Procedure for Plaintiff's failure to prosecute the case or to comply with the rules of procedure and the court's orders.

Dated this 13th day of April 2018, at Kansas City, Kansas.

<u>s/ John W. Lungstrum</u>
**John W. Lungstrum**
**United States District Judge**